IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,                    )<br>               Plaintiff,              )<br>                                              )<br>                                              )<br>v.                                            )<br>                                              )<br>                                              )<br>GWENDOLYN FERN FERRELL, ALLEN                 )<br>FERRELL, CHARLES DAREN CLANTON,               )<br>TAMMY D. CLANTON, KAYLON ANN                  )<br>TAYLOR JIMMY DON TAYLOR, and                  )<br>FARMERS BANK, HAMBURG, ARKANSAS,              )<br>as Assignee of HERMITAGE TOMATO               )<br>COOPERATIVE ASSOCIATION,                      )<br>               Defendants.           )  | Civil No. 07-1019 |

CONSENT DECREE OF FORECLOSURE

Now on this 30th day of October, 2007, this case comes on to be heard, and the Court being advised in the premises, finds:

1.      That the Court has jurisdiction of the parties and subject matter herein.

2.      That the Plaintiff filed its Complaint against the Defendants on March 8, 2007.

3.      That the Defendants Gwendolyn Fern Ferrell, Allen Ferrell, Charles Daren Clanton, Tammy D. Clanton, Jimmy Don Taylor and Farmers Bank, Hamburg were served with summons and a copy of complaint by certified mail/return receipt requested.

4.      That the Defendant Kaylon Ann Taylor was served with summons and a copy of complaint by the U.S. Marshal's Service on April 18, 2007.

5.      That the answer of Defendant Farmers Bank, Hamburg was filed on March 27, 2007.

6.      That the default of Defendants Gwendolyn Fern Ferrell, Allen Ferrell, Charles Daren Clanton, Tammy D. Clanton, Kaylon Ann Taylor and Jimmy Don Taylor was entered by the Clerk on July 19, 2007, pursuant to Rule 55(a), Federal Rules of Civil Procedure.

7.      That, in order to receive loan assistance from the United States of America, Gwendolyn Fern Ferrell, executed and delivered to the Farm Service Agency, a certain Promissory Note, representing a loan, made, renewed, rescheduled and/or reamortized on or about November 17, 2000, which is more particularly described below:

| Loan Type | Date of Note | Principal Amount | Interest Rate | Terms |
|---|---|---|---|---|
| EM-43-01 | November 17, 2000 | $155,000.00 | 3.75% | 20 annual installments: 1 in the amount of $104,401.00, and 19 in the amount of $3,959.00 beginning July 1, 2001 & continuing until paid in full |

The above described note provided that upon default the holder might declare the entire indebtedness due and payable.

8.      The United States of America is the owner and holder of the Note.

9.      That to secure the indebtedness set forth above, Defendants, Gwendolyn Fern Ferrell, Allen Ferrell, Charles Daren Clanton, Tammy D. Clanton, Kaylon Ann Taylor and Jimmy Don Taylor, executed and acknowledged in the manner required by law and delivered to the Farm Service Agency a certain Real Estate Mortgage for Arkansas, more particularly described as follows:

| Date of Mortgage | Date Filed | Filing Information |
|---|---|---|
| November 17, 2000 | November 17, 2000 | Filed in the real estate records in the Office of the Circuit Clerk of Bradley County, Arkansas in Mortgage Book 201, at Page 183. |

By execution of the afore mentioned Mortgage, Defendants conveyed a priority mortgage lien in the real property described therein and situated in Bradley County, Arkansas and more particularly described below:

> All that part of the West Half of the Fractional Southwest Quarter of Northwest quarter of Section 5, Township 16 South, Range 9 West, lying and situated South of the Vick-Johnsville Road (State Highway No. 160) containing 16 acres, more or less.

10. That the Defendants, Gwendolyn Fern Ferrell, Charles Daren Clanton and Kaylon Ann Taylor, own the property described above as joint tenants with right of survivorship.

11. That the Plaintiff is the legal holder of this mortgage.

12. That, in order to further secure the indebtedness set forth above, Defendant, Gwendolyn Fern Ferrell, also executed and delivered to the Farm Service Agency, a certain Security Agreement (Chattels and Crops) dated November 16, 2000, which was properly perfected by the filing of a Financing Statement on November 17, 2000, in the Office of the Circuit Clerk of Bradley County, Arkansas as UCC File No. 039175. A Continuation was filed on June 17, 2004. By execution of the aforedescribed Agreement, Defendant Ferrell conveyed a priority secured lien in all equipment described therein and hereafter acquired and is described as follows:

| Quantity | Kind | Manufacturer | Size/Type | Condition | Year | Serial No. |
|---|---|---|---|---|---|---|
| 1 | Tractor | Massey-Ferguson | 5266 | Fair | 1991 | 3832WD |

13. That, on or about May 23, 2003, Allen L. Ferrell and Gwendolyn Fern Ferrell, Defendants herein, filed for relief under Chapter 7 of the Bankruptcy Code in Case No. 1:03-bk-73499, and an Order for Relief was entered. This case was formally Discharged by Order dated August 28, 2003, but was re-opened by Order dated December 4, 2003. The case further shows that a Report of Distribution and Final Accounting was filed on October 25, 2005, and formally closed on October 28, 2005.

14. That despite notice and demand, the Defendant Gwendolyn Fern Ferrell has neglected and refused to pay her obligation on this note and is in default thereon, and the Plaintiff has declared the entire indebtedness due and payable and elected to seek judgment and judicial aid of its claim, as allowed in said mortgage and by law, and that there is due the Plaintiff on account of this note the sum of $55,348.24 in unpaid principal, plus accrued interest of $10,172.02, as of October 13, 2006, with interest accruing thereafter at the rate of $5.61 per day, until date of judgment. There is also a delinquency in the amount of $59,514.38, for a total of $125,034.64; and costs and fees assessed to the account.

15. For a valuable consideration, the Defendant in said mortgage waived all rights of appraisement, sale, redemption and homestead, and particularly all rights of redemption under the Act of the Arkansas Legislature approved May 8, 1899, and acts amendatory thereof, and the said Defendant likewise expressly waived all rights or possibility of dower, curtesy, and homestead in and to said land and property.

16. That the relief now granted to the Plaintiff is not different as to type or material amount from that sought in its Complaint.

17.     That the Defendant Farmers Bank, Hamburg, as assignee of Hermitage Tomato Cooperative Association, claims or may claim an interest in the property which is the subject of this action by virtue of its Consent Judgment against Fern Ferrell, individually, and Fern Ferrell Farms, Inc., dated September 18, 2002, and filed of record September 18, 2002.  Such claim, however, is subordinate and inferior to the mortgage claim of the Plaintiff.

18.     That the time for the Defendant Gwendolyn Fern Ferrell to otherwise plead has now expired and she has failed to appear or plead to the Complaint; she is not an infant, or incompetent person, or in the active military service of the United States, and she is in default.

IT IS, THEREFORE, ORDERED AND DECREED:

That the Plaintiff, United States of America, have and recover judgment *in rem* against the real and personal property and not *in personam* against the Defendant Gwendolyn Fern Ferrell in the amount of $125,034.64, said sum representing $59,514.38 in delinquency on the account; $55,348.24 in unpaid principal, plus accrued interest of $10,172.02, as of October 13, 2006, with interest accruing thereafter at the rate of $5.61 per day, until date of judgment; and costs and fees assessed to the account.

That the prayer of the Plaintiff, United States of America, for a Decree of Foreclosure of its real estate mortgage and security agreement should be, and is hereby, granted.

IT IS FURTHER ORDERED, that if the judgment of the Plaintiff is not paid within ten days from this date, then Richard J. O'Connell, United States Marshal for the Western District of Arkansas shall advertise the time, place and terms of judicial sale according to law and this decree, at least once weekly for four weeks prior to sale in a newspaper having a general circulation in Bradley County, Arkansas, and he shall sell at public outcry, to the highest qualified bidder, at the main door

of the Bradley County Courthouse in Warren, Arkansas, on a credit of three months, the real and personal property above described.  The proceeds of this judicial sale shall be applied, in the manner provided by law, to the judgment of the Plaintiff.

The purchaser at the Marshal's sale shall give bond with approved security to secure payment of the purchase price, and a lien shall be retained on the real and personal property to secure payment thereof.  If the Plaintiff purchases the real and personal property for an amount not in excess of its judgment and costs, which are hereby granted, it may credit the amount of its bid, less all court costs, upon its judgment and need not give bond to secure the purchase price.

IT IS FURTHER ORDERED, that upon judicial sale of this real and personal property, and confirmation thereof by this Court, then all right, title and interest of all parties in and to said real and personal property, including any rights or possibility of curtesy, dower, homestead, appraisement and redemption are forever barred and FORECLOSED.  Should the sale bring proceeds or credits in excess of the Plaintiff's claim and costs, the Court will determine the rightful owner thereof.

JURISDICTION of this case is retained.

      /s/Harry F. Barnes  
HONORABLE HARRY F. BARNES  
UNITED STATES DISTRICT JUDGE

/s/ Mark W. Webb                                             /s/ S. Reid Harrod, Jr.

Mark W. Webb                                                    S. Reid Harrod, Jr.  
Assistant U.S. Attorney                             Attorney  for Farmers Bank, Hamburg